91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert McQUADE, Plaintiff-Appellant,
v.
CITY OF KENT, Defendant-Appellee.
 No. 95-35639.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert McQuade, a former employee at the City of Kent golf complex, appeals pro se the district court's summary judgment for defendant on his employment discrimination claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the district court's grant of summary judgment, Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994), and the district court's failure to address discovery motions before granting summary judgment, Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir.1994). We affirm.
 
 
 3
 With respect to McQuade's contention that the district court erred by granting summary judgment on his claim that defendant terminated him in retaliation for his having complained about the possibility of discrimination on the basis of race or sex, we conclude that defendant produced sufficient evidence that McQuade would have been terminated whether or not defendant had a retaliatory motive. See Ruggles v. California Polytechnic State Univ., 797 F.2d 782, 787 (9th Cir.1986).
 
 
 4
 Insofar as McQuade contends that the district court erred by granting summary judgment on his claims that defendant discriminated against him on the basis of race in not promoting him to a golf-instructor position or that defendant discriminated against him on the basis of race or sex by not assigning him to the day-time work schedule, we conclude that McQuade did not "produce specific, substantial evidence of pretext." See Wallis, 26 F.3d at 890 (internal quotations and citation omitted).
 
 
 5
 Finally, insofar as McQuade contends that the district court erred by granting summary judgment for defendants on his claim of discrimination on the basis of disability, we conclude that McQuade did not establish a genuine issue of fact as to defendant's failure to accommodate his disability. See 42 U.S.C. §§ 12111(8) and 12112(a).
 
 
 6
 Accordingly, the district court did not err by granting summary judgment for defendant. See Wallis, 26 F.3d at 890, 892.
 
 
 7
 McQuade also contends that the district court erred by granting summary judgment when defendant had not responded to interrogatories. The district court does not need to explicitly rule on outstanding discovery motions before granting summary judgment. See Qualls, 22 F.3d at 844. After reviewing McQuade's complaint, the defendant's motion for summary judgment, McQuade's response to the motion, and McQuade's interrogatories, we conclude that the interrogatories would not have "shed light on any of the issues upon which the summary judgment was based." See id. Accordingly, the district court did not err by granting summary judgment for defendant even though defendant had not responded to McQuade's interrogatories. See id.
 
 
 8
 In light of our disposition, we deny as moot McQuade's motion to remand this case for consideration of the grievance he has filed with the Washington State Bar Association. Because the transcript of Timothy Bond's testimony was not part of the record before the district court, we decline to review it on appeal and deny McQuade's motion requesting such review. See Fed.R.App.P. 10(a).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McQuade's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3